JACOB L. DEUTSCH, as Assignee of REBRUG CORP., Plaintiff, *v.* MARION M. ADAMS, Defendant and Third-Party Plaintiff. REBRUG CORP., Third-Party Defendant.

Supreme Court, Special Term, Queens County, January 20, 1950.

*Mark J. Ryan* and *Sidney M. Offer* for defendant and third-party plaintiff.

*Milton Levin* for plaintiff.

*I. Robert Shniper* for third-party defendant.

CUFF, J. Two motions are to be considered. As these motion papers are presented, they are entitled in two actions. The first is: Deutsch, as assignee of Rebrug Corp., plaintiff, against Adams, defendant. The second is Adams, defendant and third-party plaintiff, against Rebrug Corp., third-party defendant. This has resulted because a third-party has been impleaded under section 193-a of the Civil Practice Act. The complaint has not been amended to state a cause of action against the impleaded party. Although somewhat confusing, the titles employed seem to be the way the Bar has entitled this kind of litigation in this stage of its development.

The first of the two motions submitted is by " defendant and third-party plaintiff " Adams to examine plaintiff Deutsch before trial. This motion is denied.

In her capacity of " defendant and third-party plaintiff " movant is not defending an action brought by plaintiff. Section 288 of the Civil Practice Act provides: " Any party to an action * * * · may cause to be taken by deposition * * * his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

As stated above, plaintiff has not amended the complaint to state a cause of action against the impleaded party. The moving party could not properly elicit anything in her assumed capacity on the proposed examination, which would be " material and necessary " to the " defense of the action " instituted by plaintiff — the action in which she must be moving because plaintiff is not a party to the other action. Movant has created her own status of " defendant and third-party plaintiff ". The issues in the pleadings that she raises in that capacity against the third-party defendant are not issues raised by plaintiff, although they may be closely related thereto and in that way may be misleading in considering this application. Section 288 provides for an examination before trial of a party on issues raised by the pleadings between examiner and examinee.

The principle of practice involved is discussed in " A Guide to Motion Practice " (rev. ed.) treating with a motion to examine in a suit wherein a party has been impleaded under section 193-a. Says the author, Samuel S. Tripp, " If the plaintiff does not amend his complaint so as to assert a claim against the third-party defendant, he cannot examine the latter before trial as a *party* " (p. 80), citing *Foote* v. *Bisceglia & Sons, Inc.* (192 Misc. 18). In the instant case the plaintiff is not the moving party and the third-party defendant is not the proposed examinee as in the situation referred to, but the underlying idea is the same as at Bar. Plaintiff not having amended his complaint and thus not having raised issues as between him and the third-party defendant, examination under section 288 those authorities hold, should not be allowed.

At Bar the situation is analogous. No issues on the pleadings exist as between the examiner and the proposed examinee. Therefore no examination under section 288 can be permitted.

It is true that as " defendant " the moving party could examine plaintiff as " plaintiff " on proper items, but it is not for the court to alter the legal complexion of the application proffered nor is it its duty to dissect the items for the purpose of allowing some to which the moving party would have been entitled if she had moved against plaintiff in her capacity of defendant. There is a planned aftermath to examinations before trial — the trial itself. On allowing examinations, those unnecessary involvements, which can be foreseen will present themselves at the trial, should be avoided to the end that the depositions resulting should be a simple, clear and effective source of proof to be offered at the trial and not just a sounding board for objections and discussion — even limitations — in which

maze so often the value of the proof adduced is clouded, if not lost.

I assume counsel making this application had a definite reason for moving in the manner he did.

The second motion is a cross motion by plaintiff to examine defendant (Adams) before trial. The court must note the failure of attorney for plaintiff to provide marked pleadings. It would seem to me that aside from the rule which requires that marked pleadings be submitted, an attorney would want the court to have pleadings carefully marked by himself to insure against error. In this instance such an effort would have assisted the moving party because he would have learned that many of the issues he seeks to examine upon are admitted and therefore not proper subjects of an examination before trial. I will consider the individual items.

Because the related allegations of the complaint are not denied and therefore are deemed admitted, the following items are disallowed: (The number in parenthesis is the undenied paragraph of the complaint.) 1(2); 2(3); 6(9); 7(9); 8(10A); 9(10A) and 10(8). Items 3 and 4 are disallowed because the word " duly " renders the items clear legal propositions. The following items are allowed: 5 (with " pertinent " deleted; there may be additional facts besides admissions of paragraphs 8, 9 and 10 of the complaint about which plaintiff would have a right to inquire); 11; 12; 13; 14; 16; 17 and 18 (all proper items); 15 (no objection). The second motion is granted as indicated. Order on notice.

*(On motion by third-party plaintiff to examine third-party defendant, January 26, 1950.)*

The motion by third-party plaintiff to examine the third-party defendant, which came on before me on January 11, 1950, together with two other motions in this case, was not included in the decision which I made on January 20, 1950 (see 197 Misc. 505) and will be decided now.

Motion granted as to all items except 6, 12 and 13; documents sought will be produced for use pursuant to section 296 of the Civil Practice Act. Some of the matter sought may be unknown to the examinee and it may not have the documents which it is called upon to produce. In those instances when questioned, the witness may answer accordingly.

Order on notice.