■

CLARENCE CARRUTHERS, Respondent, v. JACK WAITE MINING COMPANY, Defendant, and AMERICAN SMELTING AND REFINING COMPANY, Appellant.— On all the circumstances disclosed, there is no basis in fact for departing from the usual rule that a corporation, in whose right and on whose behalf a stockholder's suit is brought, is a necessary party defendant. In this case, dismissal will not result in inability to obtain redress, if any is proper, in an appropriate forum in which jurisdiction may be obtained on both corporations. Order unanimously reversed, with $20 costs and disbursements to the defendant-appellant, and judgment is directed to be entered in favor of the defendant-appellant dismissing the complaint herein, with costs. Present — Peck, P. J., Dore, Van Voorhis and Breitel, JJ.

■

JAMES H. PETTER, Appellant, v. ESME D. MATZ et al., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Dore, J. P., Cohn, Van Voorhis and Breitel, JJ.

■

ARCHIBALD U. BRAUNFELD, Respondent, v. JULIUS Y. LEVINSON et al., Appellants, et al., Defendants.— The complaint, upon information and belief, in this derivative stockholder's action, is generally too conclusory and lacking in specificity to warrant the broad examination before trial which is sought. The only paragraph of the complaint which is sufficiently specific to warrant an examination at this time is paragraph 14. An examination with respect to the items included in that paragraph may appropriately serve as a test of the grounds of the complaint and of whether a further examination would be justified. Order unanimously modified so as to grant the motion to vacate the notice of examination before trial except as to the examination of the defendant Julius Y. Levinson as to the items of paragraph 14 of the complaint, and as so modified, affirmed, with $20 costs and disbursements to the appellants. Upon the completion of such examination the plaintiff may, if so advised, move upon a showing of necessity and propriety for a further examination with respect to other items or of other defendants. The date for the examination of the defendant Julius Y. Levinson to proceed shall be fixed in the order. Settle order on notice. Present — Peck, P. J., Dore, Van Voorhis and Breitel, JJ.

■

LILLIE P. CHATFIELD et al., Appellants, v. JEROME JENNINGS, Respondent, et al., Defendants.— Examination of all thirty plaintiffs on all the items at this time is not shown to be material and necessary. Order appealed from by plaintiffs, denying their motion to vacate defendant's notice of taking plaintiffs' examination before trial, unanimously reversed, with one bill of $20 costs and disbursements to the plaintiffs, without prejudice, however, to defendant's right to demand from plaintiffs a full bill of particulars and further without prejudice to a motion by defendant-appellant, after service of plaintiffs' bill of particulars, for an examination before trial of the plaintiffs, or an accredited representative of them having knowledge, after a showing that the items then to be requested are material and necessary. Settle order on notice. Present — Peck, P. J., Dore, Van Voorhis and Breitel, JJ.