JOHN M. JENKS, Respondent, v. JOHN J. LOWE, Appellant.

Supreme Court, Appellate Term, Second Department, December 16, 1954.

*Theodore W. Barber* for appellant.

*Kenneth D. Molloy* for respondent.

*Per Curiam.* Order denying motion by the defendant for judgment under rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act unanimously modified, without costs, on the law, and said motion denied without prejudice to renewal in accordance with proper practice.

Affidavits improperly submitted in connection with defendant's cross motion for judgment on the pleadings were considered by the court below in connection with plaintiff's motion for summary judgment, in which no affidavits were initially sub-

mitted by the plaintiff, nor opposing affidavits by the defendant. Facts even when properly presented in a companion motion may not be considered in another motion, unless expressly incorporated or fully set forth in the affidavits in support thereof. (Cf. *Van Wormer* v. *Two Park Ave. Bldg.*, 65 N. Y. S. 2d 529, 534, affd. 271 App. Div. 964; *Anderson* v. *New York Central R. R. Co.*, 284 App. Div. 64, and *Mackay* v. *Mackay,* 205 Misc. 470.)

The plaintiff seeking summary judgment has the burden *in the first instance* to set forth '' such evidentiary facts as shall \* \* \* establish the cause of action sufficiently to entitle plaintiff to judgment \* \* \* together with the belief of the moving party \* \* \* that there is no defense to the action '' (Rules Civ. Prac., rule 113; *O'Connor-Sullivan* v. *Otto,* 283 App. Div. 269; *Universal Credit Co.* v. *Uggla,* 248 App. Div. 848).

On the other hand, a motion for judgment on the pleadings may be made only on the pleadings and admissions of the party or parties which '' do not relate to matters oral or written which might be competent as evidence at the trial but which might be met by other evidence thus depriving them of their conclusiveness and creating an issue of fact with respect thereto '' (*Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278). Admissions contained in affidavits or depositions are not admissions within the meaning of section 476 of the Civil Practice Act, and, accordingly, may not be used upon a motion for judgment on the pleadings. (Civ. Prac. Act, § 476; *Drivas* v. *Zaharakos,* N. Y. L. J., March 1, 1940, p. 965, col. 4.)

The judgment and order should be unanimously reversed on the law, without costs, and the motion for summary judgment denied, without costs, and without prejudice to renewal in accordance with proper practice.

Colden, Kleinfeld and Hart, JJ., concur.

Judgment and order reversed, etc.