MILBECK APARTMENTS, INC., Respondent, *v.* CORBY ASSOCIATES, INC., Appellant, et al., Defendant.

First Department, December 21, 1954.

*Solomon H. Friesner* of counsel (*Joseph V. McKee* and *William C. Morris* with him on the brief; *Van Buren, Schreiber & Kaplan,* attorneys), for appellant.

*Frederick E. Klein* of counsel (*Meyer Sheinfeld,* attorney), for respondent.

Cohn, J. This is an appeal by appellant Corby Associates, Inc. (hereafter called Corby), from an order of Special Term denying its motion to vacate a notice of examination before trial heretofore served upon it by plaintiff.

The first cause of action stated in the complaint, is to recover damages for the purported destruction of certain property belonging to plaintiff, for trespass and for the encroachment by defendant's building on plaintiff's property; the second cause of action is to recover for blasting damages to plaintiff's property; the third is to establish by adverse possession plaintiff's title to two feet at the rear of defendant Corby's land, and is also designed to require Corby to remove the foundation wall of a new warehouse building constructed on the two-foot strip. Defendant Corby's answer denies the material allegations of the complaint.

The notice of examination, which consists of seven separate items, is clearly improper in form and substance. Each item asks for an examination either upon " All the underlying facts and circumstances leading up and relating to " or upon " All the underlying facts and circumstances leading up to, pertaining and preliminary to ", or on " All the underlying facts and circumstances pertaining and relating to " the alleged demolition, blasting, trespass and encroachment by Corby. There is no authority for an examination upon " underlying facts and circumstances " or upon facts and circumstances " leading up to " or " pertaining and preliminary to " matters concerning which an examination is sought. Such an examination if permitted would lead to inquiries on matters outside the issues, and would permit the introduction of matters wholly irrelevant and immaterial. (*Wood* v. *American Locomotive Co.*, 246 App. Div. 376, 378.)

The items are also improper because they incorporate conclusions of fact and of law. As an example, Item (4) reads: " All the underlying facts and circumstances pertaining and relating to a wooden fence along the rear line of plaintiff's premises numbered 315–325 West 30th Street, New York County, which fence had been continuously standing and maintained along said rear line of plaintiff's premises since 1901 and by reason of such long-standing and continuous maintenance of said fence, all of the land enclosed by and to the south of said fence became, was and still is the property of plaintiff, as more fully set forth in paragraphs numbered 15 and 16 of the amended complaint herein." This item is objectionable both as to form and sub-

stance for the reason heretofore stated and also because it sets forth conclusions of fact and law. The other items stated in the notice are subject to the same criticisms. An examination before trial is not permitted upon conclusions of law or upon argumentative matters. (*Rausch* v. *Monfort,* 251 App. Div. 868.) In setting forth the items of examination, plaintiff should specify statements of facts upon which Corby is sought to be examined within the limits of the material allegations of the complaint. (*Meth* v. *Schloss,* 256 App. Div. 202; *Rogers* v. *Gould,* 206 App. Div. 433.) Though this court has broadly expanded the scope of examination before trial (*Marie Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11) it is still the rule that the examination must be restricted to such matters as are " material and necessary in the prosecution or defense of the action." (Civ. Prac. Act, § 288.) The notice of examination should be drawn so that the items set forth come within this rule.

The order should accordingly be reversed and appellant's motion to vacate plaintiff's notice of examination granted, with leave to serve another notice in which the items are properly set forth both as to form and as to substance.

PECK, P. J., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, with leave to serve another notice in which the items are properly set forth both as to form and as to substance.