ALAN NICOLL, Plaintiff, *v.* COLUMBIA BROADCASTING SYSTEM, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, January 19, 1955.

*George A. Raftery* and *William D. Friedmann* for plaintiff.

*Harold H. Stern* for Talent Associates, Ltd., defendant.

DALY, J. The complaint in this action, containing eight separate causes of action in only two of which does the defendant Talent Associates, Ltd., appear as a party defendant, alleges in substance that the plaintiff originated, created and owned a plan for a series of television programs described in the complaint. After the plaintiff had disclosed this plan to two of the defendants and created a confidential relationship with the expectation that he would be compensated if such ideas were used, it is claimed that said defendants used such ideas in a series of television programs, thereby accepting the plaintiff's ideas, breaching the aforesaid confidential relationship and

appropriating such ideas to their own use, and that the defendant who sponsored such series, its advertising agency, and the defendant Talent Associates, Ltd., the producer thereof, were all parties to a conspiracy to breach the aforesaid confidential relationship and appropriate plaintiff's ideas.

In the fifth cause of action, in which the defendant Talent Associates, Ltd., is made a party, it is alleged that the plaintiff, as a direct and proximate result of the defendants' conspiracy and of the wrongful acts committed by them in furtherance thereof, has been wrongfully deprived of the fair and reasonable value of " plaintiff's work " to his damage in the sum of $200,000.

In the sixth cause of action, which is also against the defendant Talent Associates, Ltd., it is alleged that by means of the plan, design and conspiracy of the defendants, the plaintiff has been deprived of, and the defendants have been unjustly enriched by, the reasonable value of his original and novel concept, plan, idea and combination of ideas, in the sum of $200,000.

The entire action is to recover money damages in the said sum of $200,000 together with costs and disbursements. No accounting is sought nor any cause of action for an accounting stated.

The defendant Talent Associates, Ltd., now makes a motion to modify plaintiff's notice to examine it before trial, dated October 5, 1954, with respect to item 8 which reads as follows: " 8. The facts and circumstances concerning and surrounding any and all income or revenue that TALENT ASSOCIATES, LTD. has derived from their connection with the creation, development, writing preparation and subsequent presentation of the above mentioned TV series."

Talent Associates, Ltd., contends that its examination as to profits derived from the production of the series of television programs in question, prior to the plaintiff establishing his right to recovery, is not material and necessary and would unduly harass it at this stage of the proceeding. It relies on *Crandall* v. *Ford Motor Co.* (260 App. Div. 380). That case, however, is distinguishable from the one at bar. There, an accounting was sought in addition to damages and the court observed (p. 381): " Should it be determined that liability exists the accounting and computation of the damages will be long and involved. These two issues should be tried separately." Here, the action is not for an accounting, but is based on a quasi-tortious charge of conspiracy to interfere with a confi-

dential relationship between the plaintiff and two of the defendants. The plaintiff seeks money damages for a tortious breach of that relationship and not an accounting in equity.

In a case like this the questions of liability and the computation of damages should not ordinarily be tried separately, since damages are an integral part of plaintiff's cause of action. Consequently, matters which are material and necessary to the establishment of plaintiff's damages may properly be the subject of a pretrial examination. (Cf. *Tannenbaum* v. *Carvel,* 271 App. Div. 790; *Cohen* v. *Cohen,* 267 App. Div. 918, and *Mendelsohn* v. *Mendelsohn,* 259 App. Div. 379.)

The plaintiff, however, has not in his opposing affidavit and supporting brief demonstrated the materiality and the necessity of examining the defendant Talent Associates, Ltd., before trial, with respect to the facts embraced in item 8 of the notice. Though the scope of examinations before trial has been broadly expanded in recent times, the examination must still be restricted to such matters as are material and necessary. (*Milbeck Apts.* v. *Corby Associates,* 285 App. Div. 83.)

Accordingly, the motion of defendant Talent Associates, Ltd., is granted to the extent of deleting from the notice item 8 thereof. This disposition is without prejudice to a motion by plaintiff, if so advised, to seek the examination of said defendant with respect to said item 8, upon a showing that in this type of case damages are to be measured by income or revenue derived by the wrongdoer, rather than by the loss to plaintiff established by expert testimony. There should at least be a showing that the income or revenue derived by Talent Associates, Ltd., will be a factor in establishing plaintiff's damages. It may well be that under the custom prevailing in the industry, ideas for TV programs have value, regardless of income, revenue or profit and even when there is a loss.

Submit order.