ALFRED T. MANACHER, Suing on Behalf of Himself and All Other Stockholders of Central Coal Co., Similarly Situated, Respondent-Appellant, *v.* CENTRAL COAL Co., INC., et al., Appellants, and MURRAY STICHMAN et al., Respondents.

First Department, January 27, 1959.

*John C. Walsh* of counsel (*Max I. Cohen* and *Benjamin C. Jaffe* with him on the brief; *John C. Walsh, Benjamin C. Jaffe* and *Davidson, Cohen & Zelkin*, attorneys), for Central Coal Co., Inc., and others, appellants.

*Harold N. Schwinger* of counsel (*Abraham Wilson* with him on the brief; *Kadel, Wilson & Potts*, attorneys), for Irving A. Manacher, appellant.

*Harry Giesow* of counsel (*Gainsburg, Gottlieb, Levitan & Cole*, attorneys), for respondent-appellant.

*Per Curiam.* In this stockholders' derivative action certain defendants appeal from so much of an order at Special Term as directs the examination before trial of all corporate defendants through one officer, and as requires examination pursuant to the general language of rule 121-a of the Rules of Civil Practice rather than upon specific items or matters, and directs the production of books and records in general terms. Plaintiff cross-appeals from so much of the order as defers the examination of the other six individual defendants until a later showing of necessity.

The right to obtain pretrial examinations in stockholders' derivative or representative actions is limited by subdivision 6 of rule XI of the New York County Trial Term Rules to those cases in which special circumstances are established. The same policy considerations which limit the right to obtain such examinations, in the first instance, render it desirable that the scope of such examinations, when granted, be clearly delineated in advance. Otherwise the examinations might degenerate into unrestricted prospecting for some substantiation of generalized allegations. Such litigation situations are recognized in rule 121-a, which excepts from its applicability actions in which by local rule " the party seeking the examination is required to establish special circumstances ".

In cases in which the issues are relatively simple and confined in scope, an examination might properly proceed on the issues raised by the pleadings without the necessity of stating specific items. However, where numerous misdeeds are alleged, activities covering an extensive period of time are recited in the complaint, and the issues raised are of considerable complexity, as in this case, it is more in consonance with the policy of this department to have the examination proceed on specific items framed in advance.

The limitation of the examination, at this time, to that of Irving A. Manacher, represents a proper exercise of discretion by Special Term, as does the requirement for production of books and records. The order appealed from should therefore be modified, on the law and on the facts, and in the exercise of discretion, to the extent of striking the direction for a general examination under rule 121-a and remanding the matter to Special Term for the purpose of passing upon the specific items challenged by the defendants and otherwise affirmed, without costs (*Forbes* v. *Finkelstein*, 7 A D 2d 632; cf. *Malus* v. *Sperry Corp.*, 282 App. Div. 939).

BOTEIN, P. J., FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order unanimously modified, on the law and on the facts, and in the exercise of discretion, to the extent of striking the direction for a general examination under rule 121-a and remanding the matter to Special Term for the purpose of passing upon the specific items challenged by the defendants, and, as so modified, affirmed, without costs.