Charles Margett, J.
Motion by the defendants other than the defendant Párente to vacate the notice dated January 9, 1959, served by the plaintiff, for the examination before trial of said defendants “with respect to the relevant and material allegations of fact put in issue by the pleadings in the action ” and for the production of the relevant and material papers, books, documents and records to be used for the purposes authorized by section 296 of the Civil Practice Act.
It is the position of the moving defendants that this is not a proper case for an examination before trial on the general item set forth in the recent amendment of rule 121-a of the Buies of Civil Practice wherein the necessity for stating specific items for a proposed examination before trial has been eliminated.
The former employer of the three individual defendants seeks damages in its first cause of action for alleged loss of profits in the sum of $50,000, claiming that while still in its employ the three individual defendants organized the defendant Nueborne Concrete Breaking Corporation, whose name was thereafter changed to that of Able Breaking Corporation; that they entered into a conspiracy that said corporations would compete with the plaintiff and entice away and obtain its business and customers for their own benefit and contrary to the interests of the plaintiff and to its detriment and damage; that, pursuant to this conspiracy, the defendants, while still in the employ of the plaintiff and unknown to it, purchased certain machinery, *248 and with the aid "of other of plaintiff’s employees solicited the business of its customers and others and actually procured from such customers business and orders which were formerly given to the plaintiff; that the aforesaid competition and all of the acts and conduct of the defendants were contrary to and in violation of- the obligation of the individual defendants to be loyal to their trust and to their employer.
There are four additional causes of action, three, of which are to recover from the individual defendants the compensation each received flora the plaintiff between September 1, 1957, and the dates when the employment -of each terminated. Another cause of action, against the defendant Alfred Di Giorgio, is to recover damages in the sum of $5,000 for his alleged failure properly to perform his duties on behalf of the plaintiff by failing to maintain and repair its machinery and tools in a proper, faithful, loyal and intelligent manner, as a result of which it was necessary for the plaintiff, to engage the services of others to maintain and repair said machinery and to perform the duties which should have been performed by the defendant Alfred Di Giorgio. •
It was recently held by the Appellate Division, First Department, albeit in a stockholder’s derivative action, that where the issues presented by the pleadings are of considerable complexity, the examination should proceed on specific items that have been stated in advance and that “ In cases in which the issues are relatively simple and confined in scope, an examination might properly proceed on the issues raised by the pleadings without the necessity of stating specific items.” (Manacher v. Central Coal Co., 7 AD 2d 208.)
This court is of the opinion that the issues presented in this case are so extensive and complex, that it would be an improvident exercise of discretion to permit an examination before trial of the defendants without a.statement of specific items of the proposed examination; otherwise the examination here sought on the general item ordinarily permitted by the salutary amendment of rule 121:a might, in the language of the Appellate Division, First Department, in the case cited above (p. 210), “ degenerate into unrestricted prospecting for some substantiation of generalized allegations.” (See, also, Milbeck Apts. v. Corby Associates, 285 App. Div. 83.)
The motion is, accordingly, granted without prejudice to the plaintiff seeking the examination of the defendants upon specific or itemized statements of .fact within the limits of the material allegations of the complaint which have been denied by the defendants. (Milbeck Apts. v. Corby Associates, supra, p. 85.) *249 The attention of counsel is also directed to the fact that the pleadings submitted upon this motion were not marked so as to indicate to the court at a glance what allegations have been put in issue. (Deutsch v. Adams, 197 Misc. 505, 508.)
Submit order.