ALICE RYAN et al., Plaintiffs, *v.* ROMAN CATHOLIC CHURCH et al., Defendants.

Supreme Court, Special Term, Nassau County, June 22, 1962.

*Philip T. Feiring* for plaintiffs. *Hurley, Kearney & Lane* (*John H. Kearney* of counsel), for Roman Catholic Diocese of Brooklyn and another, defendants. *Sullivan, Donovan, Hanrahan, McGovern & Lane* for Archbishopric of New York. *Sullivan, Scholly & Thorp* for Roman Catholic Diocese of Rockville Centre.

MARIO PITTONI, J. These are three motions by the defendants to vacate notices of examination before trial. One affidavit, by the plaintiffs' attorney, has been submitted in opposition to all motions instead of a separate affidavit on each motion, as orderly practice dictates (*Jenks* v. *Lowe,* 207 Misc. 141, 143).

All of the notices of examination are defective in that (1) they fail to designate the person or persons to be examined on behalf of the Diocese of Brooklyn, the Diocese of Rockville Centre, or the Archbishopric of New York (Civ. Prac. Act, §§ 289, 290, subd. 3); and (2) they fail to state '' the matters upon which such person or persons are to be examined '' (Civ. Prac. Act, § 290, subd. 4).

Where, as here, the parties defendant are numerous, the alleged acts of misconduct of each defendant are not specifically stated in the complaint, and the allegations of the complaint are of a general nature with the majority pleaded '' upon information and belief '', a notice in the form provided by rule 121-a of the Rules of Civil Practice is not appropriate. Section 288 of the Civil Practice Act provides for an examination of a party on matters which are '' material and necessary in the prosecution or defense of the action.'' However, without specific factual allegations in the complaint or a definite statement in the notice of the matters upon which a particular person is to be examined, it may not be determined what is '' material or necessary ''. (*Braunfeld* v. *Levinson,* 281 App. Div. 956.) As stated in *Union Circulation Co.* v. *Hardel Publishers Serv.* (4 A D 2d 35, 36), '' The very purposes in requiring items as subjects of examination are: (1) to provide the one examined with adequate notice of the subjects of inquiry; and (2) to reduce dispute and conflict with regard to the permissible scope of the examination.'' The March, 1958 amendment of rule 121-a of the Rules of Civil Practice does not authorize a notice '' with respect to the relevant and material allegations of fact put in issue by the pleadings in the action '' in all actions. In *Manacher* v. *Central Coal Co.* (7 A D 2d 208, 210 [1959]) it is written '' In cases in which the issues are relatively simple and confined in scope, an exami-

nation might properly proceed on the issues raised by the pleadings without the necessity of stating specific items. However, where numerous misdeeds are alleged, activities covering an extensive period of time are recited in the complaint, and the issues raised are of considerable complexity, as in this case, it is more in consonance with the policy of this department to have the examination proceed on specified items framed in advance." (See, also, *L. & J. Concrete Corp.* v. *Di Giorgio,* 16 Misc. 2d 247.)

In addition to the aforesaid defects, two of the notices violated the provisions of section 300 of the Civil Practice Act, in that they provided for examinations in counties other than where the parties reside.

Moreover, the notices should have designated or described the books and records in the possession of a particular party, which were to be produced for use in the examination of that party. (Civ. Prac. Act, § 290, subd. 5.)

Accordingly, the motions are granted.

Although no reference is made in the moving papers to the good faith of the plaintiff in seeking the examination, the court notes that no affidavit has been submitted by plaintiff Alice Ryan to support the charge that her husband was forcibly removed from her home by the defendants and has been detained by them against his will. As that is the pivotal issue to be decided — assuming, without deciding, that a cause of action is stated — it would appear that before any examination of the movants were ordered, that an examination of the husband be held or that facts be stated from which it may be reasonably inferred that her husband is so dominated and controlled by the defendants that true and complete answers to the questions propounded could not be obtained from him. The good faith of a person seeking an examination is always a subject for consideration by the court (see *Dorros, Inc.* v. *Dorros Bros.,* 274 App. Div. 11, 14). As evidence that the Legislature indorses the consideration of that factor by the court in the future the new Civil Practice law and rules (approved April 4, 1962, eff. Sept. 1, 1963) provides in subdivision (a) of section 3103: "The court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." If it were to appear that plaintiff Alice Ryan was able to " see, contact, or communicate " with her husband, and that an examination of him could be obtained,

by oral commission or written interrogatories, an examination of the movants would not be in order until an examination of the husband showing that his absence was without his " approval, consent, free will and wish " had been held.

Accordingly, permission is granted to serve new notices or to move for examinations before trial in accordance with the above. If notices are served, the plaintiffs should be prepared by affidavits to show facts warranting such examinations on any subsequent motions to vacate. If motions are made by the plaintiffs for examinations before trial, they should be supported by factual affidavits.

The observation may be made that since the question was not raised the court has not considered the sufficiency of the various causes of action alleged in the complaint.