OPINION OF THE COURT
Albert J. Emanuelli, S.
In this proceeding by Agnes Carvel and Pamela Carvel to revoke letters testamentary and letters of trusteeship issued to Robert M. Davis (Davis) and Mildred Arcadipane (Arcadipane), the court-appointed guardian ad litem for Agnes Carvel moves to compel the Thomas and Agnes Carvel Foundation (the Foundation), Davis and Arcadipane to produce Internal Revenue Service (IRS) "30-day letter” determinations which purportedly impose taxes, interest and penalties upon the Foundation, Davis and Arcadipane for wrongdoings involving the Foundation. The guardian ad litem claims these documents are relevant to the removal proceeding because they are evidence of misconduct by Davis and Arcadipane in their fiduciary capacity as members and directors of the Foundation.
Since this motion was filed, Arcadipane has voluntarily produced her copy of the 30-day letter together with a copy of her detailed protest to the Internal Revenue Service. Counsel to Agnes Carvel has obtained the Foundation’s "30-day letter” from the IRS through a Freedom of Information Act request. The letter and other IRS documents pertaining to the Foundation are filed as an exhibit to an affidavit in support of the motion.
By letter dated January 29, 1996, Ms. Arcadipane through her attorneys waived her right to assert a claim of confidentiality or privilege. She continues to contend, however, that the "30-day letter”, whatever its contents, is preliminary and tentative and thus irrelevant to these proceedings and without probative value. The Foundation and Davis on the other hand continue to oppose the motion claiming their respective 30-day letters are afforded confidential treatment by Federal tax laws and in any event are irrelevant to the instant proceeding.
CPLR 3101 (a) directs full disclosure of all evidence material and necessary which will "assist preparation for trial by sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407). Furthermore, courts in this State embrace liberal discovery to encourage "fair and effective resolution of disputes on the merits”. (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376.) *444 All questions should be freely answered unless clearly violative of some constitutional right, a recognized privilege, or if the question is palpably irrelevant (Freedco Prods, v New York Tel. Co., 47 AD2d 654, 655). In the instant case no constitutional right is at issue. However, issues relating to the existence of a Federal privilege of confidentiality prohibiting disclosure of income tax forms and questions of relevancy must be addressed.
The statutory provisions governing confidentiality of tax returns are set forth in the Internal Revenue Code (26 USC) § 6103. This section which provides that "[r]eturns and return information shall be confidential” is intended to protect tax information from disclosure by government officials (In re International Horizons, 16 Bankr 484, affd 689 F2d 996). To that end, Internal Revenue Code (26 USC) § 7213 was enacted to prohibit unauthorized disclosure of income tax returns or return information by government officials. However, neither the Internal Revenue Code nor regulations issued thereunder preclude a court from requiring disclosure of a tax return by the taxpayer in connection with civil litigation to which the taxpayer is a party (Connecticut Importing Co. v Continental Distilling Corp., 1 FRD 190). "[A] statute [governing confidentiality of tax returns] does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants; all it prevents is the IRS’s sharing tax returns with other government agencies” (Commodity Futures Trading Commn. v Collins, 997 F2d 1230, 1233). The privilege of confidentiality afforded income tax returns and return information under Internal Revenue Code (26 USC) § 6103 prohibits only the unauthorized dissemination by government officials to third parties. It does not prevent a court of competent jurisdiction to compel disclosure of tax return information that is within the possession, custody or control of a litigant to the case (United States ex rel. Carthan v Sheriff, City of N. Y., 330 F2d 100, cert denied 379 US 929).
The court also considers the documents relevant to the underlying removal petition where specific acts of self-dealing and other fiduciary misconduct by Davis and Arcadipane as executors and trustees of Thomas Carvel’s estate are alleged. Questions of relevancy are to be more loosely construed at the discovery stage than at trial under the liberal pretrial procedures encouraged by the Court of Appeals (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, supra). Mindful of these guidelines the court has reviewed the "30-day letters” sent to *445 the Foundation and Arcadipane. The letter determinations assess substantial tax liabilities and penalties ($4,147,469 as to the Foundation and $24,867,428 as to Arcadipane) for, among other things: (i) the erroneous valuation of securities; (ii) the excessive compensation of Davis and Arcadipane; and (iii) the sale of Carvel stock by the Foundation using an erroneous basis. The possibility that Davis and Arcadipane betrayed their duty of loyalty to the Carvel Foundation by these transactions makes the information contained in the IRS letters clearly relevant to this proceeding and to their continued service as fiduciaries of the Carvel estate and trusts.
For each of the foregoing reasons, the motion is granted. The Foundation and Davis are directed to produce copies of their IRS "30-day letters” within 10 days of the date of the order to be made herein, provided, however, that Davis shall first submit his document to the court for in camera review. The court will review the document to determine if any part thereof should be subject to a confidentiality restriction prohibiting public disclosure of Mr. Davis’ personal tax information. Personal tax information shall mean any information that is unrelated to Mr. Davis’ position as a member, director or attorney for the Foundation. This restriction shall not apply to the Foundation whose tax returns are a matter of public record.
The application to impose, sanctions is denied. The imposition of costs and sanctions is discretionary with the court (SCPA 2301 [2]; 22 NYCRR 130-1.1 [a]), and is designed to deter and penalize frivolous motion practice. Respondent’s opposition to the motion is not totally without merit (22 NYCRR 130-1.1 [c] [1]). Furthermore, the guardian failed to show that the opposition was "undertaken primarily to delay or prolong the resolution of the litigation or to harass or maliciously injure another” (22 NYCRR 130-1.1 [c] [2]).