## (February 18, 1975)

■ FREEDCO PRODUCTS, INC., Appellant, v. NEW YORK TELEPHONE COMPANY, Respondent, et al., Defendants.— In an action to recover damages *inter alia* for negligence and willful misconduct, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 29, 1974, which denied its motion, *inter alia*, to direct defendant New York Telephone Company to produce a witness for further examination before trial (EBT). Order reversed, in the interest of justice, with $20 costs and disbursements, and motion granted. The examinaion shall continue at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. The gravamen of this action is that, for approximately two years, plaintiff received 20 to 40 "wrong number" telephone calls per day at its Queens County telephone number of 212–937–3000 from persons in New York City who were calling telephone number 516–626–3000 without dialing the area code (516). At the EBT plaintiff sought to elicit the reason for the misdirected calls. It appears that four separate Justices were involved in decisions affecting the EBT. An order was made by the first Justice directing the telephone company to produce a person having knowledge of the facts involved to respond to the then unanswered questions. A person purportedly qualified to give the answers was produced, but professed ignorance. Thereafter, another order was made, by the second Justice, conditionally granting a motion to strike the company's answer to the complaint, as stated in this order, "for failure to produce a knowledgeable witness capable of answering the seven questions propounded * * * unless such a person is produced and he does give his testimony on oral deposition to plaintiff pursuant to the the [first] order * * * This examination shall be held at * * * and shall continue from day-to-day until completed." A knowledgeable witness was produced and gave testimony, but limited, under directions from the telephone company's attorney, to the seven questions previously propounded. A ruling on this narrow interpretation of the previous orders was sought before the third Justice, who, in the absence of the second Justice, sustained the telephone company's objection to further questioning of the witness. Then, upon written motion, the fourth Justice affirmed the position of the third Justice, by the order now before us for review. In effect, the third and fourth Justices reversed the order of the second Justice, who was one of co-ordinate jurisdiction. No citation of authority is required to illustrate the impropriety of such action. In the order of the second Justice the direction that the EBT "shall continue from day-to-day until completed" could not have contemplated that only the seven questions directly involved be asked and answered. Turning to the merits of the questions, we direct that the EBT of the "knowledgeable witness" who was produced and who answered to a lmited degree continue for all purposes. Under the guise of complying with the CPLR, a party should not be

permitted to frustrate its manifest purpose. CPLR 3101 (subd. [a]) states that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof", with exceptions noted which are not here pertinent. The instant order is appealable (CPLR 5701, subd. [a], par. 2, cl. [v]). In reversing this order we are not deviating from prior determinations that rulings made upon objections to questions at an examination before trial are not appealable (*Lacerenza* v. *Rich,* 39 A D 2d 716). We do again, however, call to the attention of the Bench and Bar that in an examination before trial unless a question is clearly violative of the witness's constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions should be freely permitted and answered, since all objections other than as to form are preserved for the trial and may be raised at that time. Gulotta, P. J., Hopkins, Cohalan and Munder, JJ., concur.