■ JENNETTE EDELSTEIN et al., Respondents, v JOHN M. GLYNN et al., Appellants. — In a medical malpractice action, defendants appeal (by permission) from an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 25, 1981, which granted plaintiffs' motion to compel further disclosure in response to questions propounded at defendants' examinations before trial

to the extent of ordering that "[t]he answers to the questions * * * be deemed resolved" against the defendants in accordance with plaintiffs' claims, unless defendants submitted answers to the previously unanswered questions. Order modified by adding the following to the decretal paragraph therof: "except that defendants shall not be required to answer the questions which begin at the following places in the transcripts of their examinations before trial: with respect to defendant Glynn, page 12, line 17; page 39, line 23; page 53, line 12; page 128, line 5; page 128, line 13; page 131, line 14; page 131, line 22; page 133, line 17; with respect to defendant McManus, page 38, line 17; page 39, line 7; page 65, line 24." As so modified, order affirmed, without costs or disbursements. Defendants' time to answer the remaining questions is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. The questions which we have held that defendants are not obliged to answer were either improper in form or were answered elsewhere in their examinations before trial, with the exception of one question which was palpably irrelevant. The remaining questions at issue on this appeal were proper in form, not palpably irrelevant, and should have been answered (see *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403; *Freedco Prods. v New York Tel. Co.*, 47 AD2d 654). Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.