■ DONNA HUMISTON, Appellant, v MICHAEL R. GROSE, Respondent. (Action No. 1.) DONNA HUMISTON, Appellant, v ROCHESTER INSTITUTE OF TECHNOLOGY, Respondent. (Action No. 2.)—Order unanimously reversed on the law with costs and plaintiff's motion granted. Memorandum: While a student at defendant Rochester Institute of Technology (R.I.T.), plaintiff was allegedly raped in the ladies' room of a campus building by defendant Michael Grose, a nonstudent, who had been drinking at a bar located on the R.I.T. campus. Plaintiff commenced an action against R.I.T. alleging negligence in maintaining its campus in a safe and secure condition, thereby violating its duty to plaintiff. She subsequently commenced a separate action against Grose, alleging intentional assault, later amended to include a cause of action for negligence. Plaintiff's motion to consolidate the two actions was denied by the court. This was error.

CPLR 602 (a) provides, in relevant part, that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion * * * may order the actions consolidated". Although such a motion is addressed to the sound discretion of the court *(Cushing v Cushing,* 85 AD2d

809), consolidation is favored by the courts *(Maigur v Saratogian, Inc.,* 47 AD2d 982, 983; Siegel, NY Prac § 128, at 157), and should be granted unless the party resisting consolidation demonstrates prejudice to a substantial right *(Chinatown Apts. v New York City Tr. Auth.,* 100 AD2d 824, 825; *Cushing v Cushing, supra; Del Bello v Wilmot,* 59 AD2d 1023). "The mere desire to have one's dispute heard separately does not, by itself, constitute a 'substantial right' " *(Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157, 162, *cert denied sub nom. Share Corp. v Vigo S. S. Corp.,* 400 US 819, quoting *Matter of Symphony Fabrics Corp. [Bernson Silk Mills],* 12 NY2d 409, 412), nor are bare allegations of prejudice sufficient to defeat a motion for consolidation *(Mascioni v Consolidated R. R. Corp.,* 94 AD2d 738, 739). In our view of the record, plaintiff has sustained her burden of demonstrating that the cases contain common issues of fact, making consolidation appropriate, and R.I.T. has failed to demonstrate prejudice to a substantial right sufficient to defeat consolidation.

Plaintiff further appeals from an order that denied her motion to compel a representative of defendant R.I.T. to answer questions at an EBT concerning the school's policy toward the sale of alcoholic beverages to nonstudents. We conclude that the court abused its discretion in denying plaintiff's motion.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The Court of Appeals has held that this provision should be liberally construed to require disclosure "where the matter sought will 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' " *(Hoenig v Westphal,* 52 NY2d 605, 608, quoting *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406).

Further, in an EBT, "unless a question is clearly violative of a witness' constitutional rights, or of some privilege recognized in law, or is palpably irrelevant, questions should be freely permitted and answered, since all objections other than those as to form are preserved for the trial and may be raised at that time" *(Watson v State of New York,* 53 AD2d 798, 799).

The fact that plaintiff's motion to add a dram shop claim to her action against R.I.T. was denied is of no moment. The gist of plaintiff's claim against R.I.T. is that its negligent failure to secure the campus against nonstudents who have no legitimate reason for being there caused her injuries. Whether

R.I.T. had a policy of allowing free access by nonstudents to its alcohol-serving facilities is relevant to the central issue in this action. Plaintiff's inability to pursue a dram shop claim against R.I.T. does not mean that evidence concerning R.I.T.'s policy toward nonstudents using its facilities is irrelevant, hence nondiscoverable. The information sought by plaintiff is material to her claim against R.I.T. and defendant should be directed to answer these questions. (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—consolidation; discovery.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.