■ GREGORY TARDIBUONO, an Infant, by His Father and Natural Guardian, EDWARD TARDIBUONO, et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant.—In an action to recover damages for medical malpractice, etc., the defendants County of Nassau, Nassau County Medical Center, Stephen P. Katz, and Jack Sherman appeal from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated May 17, 1990, as granted those branches of the plaintiffs' motion which were to dismiss their third affirmative defense, and for a protective order barring certain questioning at future pretrial depositions, and denied their cross motion to dismiss the complaint insofar as it is asserted against them.

Ordered that on the court's own motion, the part of the notice of appeal which is from the provision of the order which granted the branch of the plaintiffs' motion which was for a protective order barring certain questioning at future pretrial depositions is treated as an application for leave to appeal, the application is referred to Justice Bracken, and leave to appeal is granted by Justice Bracken (see, CPLR 5701 [b] [1]); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, (1) by deleting the provisions thereof which granted those branches of the plaintiffs' motion which were to dismiss the third affirmative defense, and for a protective order barring certain questioning at future pretrial depositions, and substituting therefor provisions denying those branches of the plaintiffs' motion, (2) by adding thereto a provision granting the plaintiffs leave to renew their motion insofar as it was to dismiss the third affirmative defense, and (3) by adding thereto a provision granting the appellants leave to renew their cross motion to dismiss the complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1987, the plaintiff Mary Tardibuono was produced for an examination pursuant to General Municipal Law § 50-h. An Assistant County Attorney asked Mrs. Tardibuono two questions which are relevant to this appeal. The first required her to identify those surgical procedures performed on her son, the plaintiff Gregory Tardibuono, to which she had not given "informed consent". The second required her to identify those procedures to which she had not given any "consent" at all. Her refusal, on the advice of counsel, to answer these questions was the basis for the appellants' motion to dismiss the complaint.

We agree with the plaintiffs that the first question improperly called upon the witness to explain her own view of the legal theories asserted in the complaint (see, Blitz v Guardian Life Ins. Co., 99 AD2d 404). The second question should, however, be answered, since whether this witness in fact consented to these procedures is clearly relevant and does not require the witness to specify whether her consent was "informed" in a legal sense.

Mrs. Tardibuono's failure to answer this question, however, should clearly not result in the dismissal of the complaint. Since it appears that Mrs. Tardibuono is to be produced for further sessions of her ongoing pretrial deposition, she should answer this question at that time. Upon her furnishing an answer to this question, the plaintiffs may renew their motion insofar as it was to dismiss the appellants' third affirmative defense (see, Costello v City of New York, 54 Misc 2d 885). By the same token, if no answer to this question is furnished before the completion of discovery, then the appellants may renew their motion to dismiss the complaint.

Mrs. Tardibuono was also produced as a witness for a

deposition which began on November 27, 1989, and was continued on November 28, 1989, and which has apparently not been completed. The record is unclear as to whether another session has been scheduled. However, it appears that the parties contemplate a further deposition of Mrs. Tardibuono in the future.

In March of 1990, the plaintiffs made a motion, apparently directed at the future deposition of Mrs. Tardibuono, in which various relief was sought, including "precluding [the] defendant[s] from seeking Margaret Tardibuono's understanding of medical diagnoses and her recollection of the opinions of non-defendant doctors". We believe that the Supreme Court improvidently exercised its discretion to the extent it granted this relief.

The Supreme Court should not have ruled on the propriety of deposition questions which had not yet been asked. First of all, this ruling was akin to an advisory opinion, since there was no guarantee that the questions anticipated by the witness's attorney were in fact going to be asked by the defendants. Second, such an anticipatory ruling was likely to lead to further disputes between the parties as to which questions may or may not be asked. While the court might have had the legal authority to make such an anticipatory ruling *(see,* CPLR 3103 [protective orders within discretion of Sup Ct]), we believe, as a matter of our own discretion, that in an ordinary case, rulings on the propriety of deposition questions should only be made once a specific question has been asked, and its answer has been refused *(see, American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591).

Aside from this procedural consideration, we also believe that the Supreme Court's anticipatory ruling is overly broad and, if construed liberally, would preclude inquiry into legitimate areas of pretrial discovery. All questions posed at depositions should be fully answered unless they invade a recognized privilege or are palpably irrelevant *(see, American Reliance Ins. Co. v National Gen. Ins. Co., supra; Ferraro v New York Tel. Co.,* 94 AD2d 784; *Hertz Corp. v Avis, Inc.,* 106 AD2d 246; *Watson v State of New York,* 53 AD2d 798; *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654). We therefore exercise our discretion and vacate so much of the order appealed from as constitutes an anticipatory ruling prohibiting certain areas of questioning during pretrial discovery.

We emphasize that our modification of the court's order in this respect should not be taken as an approval or disapproval of any particular past or future deposition question. We note

that the appellants never actually sought a ruling as to the questions which were marked for a ruling at Mrs. Tardibuono's last deposition. We modify so much of the court's order as precluded future questioning on certain topics as an improvident exercise of discretion and as overbroad, and in so doing, we need not address the propriety of any particular question posed at prior depositions, or yet to be posed at future depositions. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.