*528 In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 9, 2007, as granted that branch of the motion of the defendants City of New York, Mercy First, formerly known as Angel Guardian, Molly Bukovec, and Christine Brittle which was to limit the anticipated deposition testimony of the defendant Annette Joseph.
Ordered that on the Court’s own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to limit the anticipated deposition testimony of the defendant Annette Joseph is denied, and the matter is remitted to the Supreme Court, Kings County, for the appointment of a referee to supervise the anticipated deposition (see CPLR 3104 [a]) in accordance herewith.
The Supreme Court improvidently exercised its discretion in limiting the anticipated deposition testimony of Annette Joseph. The court should not have ruled on the propriety of deposition questions which had not yet been asked, inasmuch as rulings on the propriety of such questions should be made only after a specific question has been asked and its answer refused (see Eliali v Aztec Metal Maintenance Corp., 287 AD2d 682 [2001]; Tardibuono v County of Nassau, 181 AD2d 879, 881 [1992]). However, as conceded by the appellants, the Supreme Court properly determined that the appointment of a referee to supervise the anticipated deposition of Ms. Joseph is warranted (see CPLR 3104 [a]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the appointment of a referee to supervise the anticipated deposition. Fisher, J.E, Covello, McCarthy and Leventhal, JJ., concur.