J.R. v V.M. (2024 NY Slip Op 50039(U))

[*1]

J.R. v V.M.

2024 NY Slip Op 50039(U)

Decided on January 16, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
Supreme Court, Westchester County

J.R., Plaintiff,

against
V.M., Defendant.

Index No. 59021/2023

James L. Hyer, J.

The following papers, numbered 1 to 11, were considered in connection with Defendant's Order to Show Cause, being Motion Sequence #5.
PAPERS/NUMBERED
Order to Show Cause/Affirmation in Support/Exhibits A-B 1-4
Affirmation in Opposition/Exhibits A-B 5-6
Affirmation in Reply/Exhibits A-D 7-11
Defendant's counsel, Jerald D. Kreppel, Esq., filed an Order to Show Cause, seeking an Order: (1) compelling Plaintiff J.R. to sit for a further deposition to answer the questions that her attorney directed her not to answer, and any follow-up questions that her answers may give rise to; (2) that this further deposition be at Plaintiff's counsel's expense, due to his thwarting of the initial deposition of his client; and (3) granting Defendant any other relief pursuant to CPLR § 3126 (hereinafter "Motion Sequence #5").
The conformed Order to Show Cause directed Motion Sequence #5 be served upon Plaintiff by NYSCEF by December 15, 2023; opposition papers be served by e-mail and filed by December 22, 2023; reply papers be served via e-mail and filed by December 29, 2023; and that no appearances on the return date be required.
Relevant Factual and Procedural History
The parties were married on June 16, 2001 in Bronx, New York. Plaintiff commenced this action with the filing of a Summons with Notice on April 4, 2023, wherein Plaintiff sought a dissolution of the parties' marriage pursuant to the entry of a Judgment of Divorce pursuant to New York State Domestic Relations Law § 170(7); an award of maintenance; an award of equitable distribution of marital assets and/or a distributive award in lieu thereof; an award of [*2]legal fees from Defendant; and all other relief as this Court may deem just and proper. On May 9, 2023, Plaintiff filed a Complaint requesting the same relief.
On May 12, 2023, Plaintiff filed a Request for Judicial Intervention, seeking the Court's scheduling of a Preliminary Conference. In response, the Court issued a Court Notice, directing a Preliminary Conference to be held on July 3, 2023, at 2:00 p.m.
On May 24, 2023, Plaintiff filed an Order to Show Cause (hereinafter "Motion Sequence #1"), requesting pendente lite relief. On May 25, 2023, the Court entered an Order which declined to sign Motion Sequence #1, noting:
On or about May 24, 2023, Plaintiff J.R. presented an Order to Show Cause for this Court's signature, seeking, inter alia, pendente lite spousal support.
Because Plaintiff has failed to request a pre-motion conference prior to filing the Order to Show Cause, pursuant to the Matrimonial Part Rules (see Westchester Supreme Court Matrimonial Operational Rules at C[2] [March 23, 2023], and this Court's Part Rules (see Section G[a][2]), and there is no indication of an inability to do so due to an emergency, the Court declines to sign it.
The foregoing constitutes the Order of the Court.
On May 25, 2023, Defendant filed a Verified Answer & Counterclaims, asserting a counterclaim for intentional infliction of emotional distress and a second for false arrest., based on allegations that, inter alia, between March 19, 2023 and April 12, 2023, Plaintiff sent Defendant over 100 harassing text messages and engaged in other behavior which could potentially be determined to constitute domestic violence.
On May 31, 2023, Plaintiff filed a Verified Reply as to the counterclaims.
On June 1, 2023, the Court held a Preliminary Conference, resulting in the entry of a Preliminary Conference Order, which noted in part that any proposed orders to consolidate Family Court actions pending in New York State Family Court may be submitted on notice of settlement. In addition, the parties agreed to resolving the grounds for dissolution of the parties' marriage in that Plaintiff would be granted a Judgment of Divorce based upon New York State Domestic Relations Law § 170(7). The PC Order also provided a discovery schedule wherein the deadline to file a Note of Issue and Certificate of Readiness for Trial would be September 29, 2023.
On June 12, 2023, an Order was entered wherein Plaintiff's counsel was admonished after submitting to the Court a statement, "Counsel for Defendant must be deaf." The Court directed, in part, that future communications and actions within this action by counsel and parties must comport with the rules of this Court and the ethical standards of the legal profession.
Thereafter, following motion practice and several court conferences, Defendant filed this Motion Sequence #5. Defendant's counsel asserts that Plaintiff's counsel violated the rules of the Court and applicable law pertaining to his alleged obstruction of the Plaintiff's deposition. In support of Motion Sequence #5, Defendant's counsel attaches Exhibit B, being select pages from Plaintiff's deposition with highlighted portions, and asserts that each are those portions of the deposition wherein Plaintiff's counsel acted inappropriately. 
These portions read as follows:
(1) Page 49
Q. And did you also want him arrested?
A. No.
Q. What did you want the police to do with V.?
A. I don't know how to answer that.
Q. Tell me why you don't know how to answer that.
Mr. Rosen: Objection as to form. She said she doesn't know how to answer it. Rephrase it.
(2) Page 50-51
Q. Did you think that V. was going to do anything to you in front of all those people?
A. V. had an order of protection, stating to stay away from me. And did he think coming to me was the right thing.
Q. No. I am asking you. Did you think V. was going to do anything to you —
A. Yes.
Q. — in front of all those people?
A. Yes.
Mr. Rosen: Objection. Counsel, she has an order of protection. It's not whether she thinks anything's going to happen. He was directed to stay away. Next question.
Q. My question is: Did you think that V. was going to harm you in front of people at the airport?
Mr. Rosen: Objection.
Mr. Kreppel: She has to answer, counsel.
Mr. Rosen: No, she doesn't have to answer it. She's already told you she had an order of protection. All she has to do is say that he violated it. That's all.
Mr. Kreppel: No, no, no. I'm asking her a question that she is obligated to answer.
Mr. Rosen: You'll have to get a ruling on that.
Mr. Kreppel: Even though she has an order of protection, I am asking her —
Q. Ms. R., did you think he was going to do anything to harm you that day?
Mr. Rosen: Objection. She's —
Mr. Kreppel: Are you directing the witness not to answer?
Mr. Rosen: Yes, I am.
Mr. Kreppel: All right. Mark it for a ruling.
RULING REQUESTED
(3) Page 58-59
Q. Okay. Now, when you and V. saw each other in the Terminal 5, is that also known as Terminal B?
A. No. That's Terminal 5, JFK. JFK has numbered terminals.
Q. Okay. Good. Okay. You saw him — you heard him say something and you ran away?
A. Yes.
Q. How long did that whole incident take?
A. I don't recall. I just know that I was afraid and I ran away.
Q. Okay. So you didn't stop to talk to him?
A. No. I was afraid. I said "Get away. Get away." And I ran away.
Q. Okay. And would you say that incident lasted more or less than one minute?
Mr. Rosen: I'm going to object. The question has been asked and answered.
Mr. Kreppel: No. I'm asking a different question.
Q. Ms. R., would you say that incident lasted more or less than one minute?
Mr. Rosen: Same objection. Asked and answered.
Mr. Kreppel. I don't think that was answered.
Mr. Rosen: Well, I disagree with you. You can get a ruling on that also.
RULING REQUESTED
(4) Page 59-60
Q. How long would you estimate — let me rephrase it. Ms. R., the time when you saw him and spoke to you and you ran away, wasn't that a matter of seconds?
Mr. Rosen: Objection. Asked and answered.
Mr. Kreppel: No. That's not what was asked and —
Mr. Rosen: You can keep on asking it. I'm going to direct her not to answer and you can get a ruling on this. It's not only irrelevant, but she's answered the question.
Mr. Kreppel: No, she hasn't.
Mr. Rosen: Okay. Next question.
Q. What's your best estimate of how long that incident took place?
Mr. Rosen: Objection. Same objection.
Mr. Kreppel: You're directing the witness not to answer?
Mr. Rosen: Yes. You can get a ruling on this.
RULING REQUESTED
(5) Page 67-69
Q. Okay. So let me ask you something. If V. was on the same flight with you, would that be a problem?
A. It would keep me from performing safety because I would be in fear, so I would not perform in a —
Q. Ms. R. —
A. — in an effective way.
Q. Okay. Ms. R., how many people do those flights carry to the Dominican Republic?
Mr. Rosen: Objection. Objection. Mr. Kreppel, your questions are totally irrelevant. There is a prosecution in the Family Court of Queens. What that results in is up to the law and the People of the State of New York.
Mr. Kreppel: Counsel, there's a prosecution in Criminal Court, not the —
Mr. Rosen: That's okay. Whatever it is, it's up to the Court to do what it feels right.
Mr. Kreppel: Okay.
Mr. Rosen: She's not going to start telling you about traveling on her plane. Right now, there's an order of protection to stay away. Period.
Q. Ms. Rodriquez, the planes to the Dominican Republic, how many people do those planes usually carry?
Mr. Rosen: Objection. Totally, palpably, irrelevant.
Q. You would — if V. were on that plane, it would prevent you from doing your job. Is that your testimony?
Mr. Rosen: Objection. Palpably irrelevant.
Mr. Kreppel: Counsel, relevancy is not a grounds for directing a witness not to answer.
Mr. Rosen: Excuse me. It's not only constitutional, and it's not only privileged, but if it's [*3]palpably irrelevant, I can direct her not to. And it is not relevant to this prosecution. If — you're saying if she's on the plane or if he's on the plane. Right now, there's a prosecution based upon certain facts in existence. Whether the People of the State of New York prevail or not, we don't know. She's not going to talk in the future.
Mr. Kreppel: She just said that there would be a problem for her if V. was on the same flight with her. Is that your testimony?
Mr. Rosen: Objection. She's not going to answer this question.
Q. Ms. R., do you think if V. was on a flight that you were working with 100 other people on the plane, and an airline flew from Jet Blue, do you think you would be in any danger?
Mr. Rosen: Objection.
Q. Yes or no?
Mr. Rosen: Objection.
Mr. Kreppel: Are you directing her not to answer?
Mr. Rosen: She is not answering.
Mr. Kreppel: Okay.
RULING REQUESTED
(6) Page 77-79
Q. Do you want him to be permanently barred from flying Jet Blue to —
Mr. Rosen: I told you, counsel. She want[s] the order to be made permanent.
Mr. Kreppel: Okay. So Mr. Rosen, I would like you to let her answer and don't answer for her.
Mr. Rosen: I know you want. But you are going into areas which are totally irrelevant.
Mr. Kreppel: You cannot answer for the deponent.
Mr. Rosen: Okay. She is directed not to answer these questions because it's irrelevant. If you want to depose her with respect to why she has an order of protection fine.
***
Q. Okay. Do you want him to be permanently banned from Jet Blue?
A. I want the order of protection to protect me.
Q. Do you want him to be permanently banned from flying Jet Blue to the Dominican Republic?
Mr. Rosen: Counsel, I've already stated in the record she wants the order to become permanent. That answers you your question.
Q. Can I take that as a "yes", that you want him banned from Jet Blue —
Mr. Rosen: Same objection.
Q. — from the Dominican Republic?
Mr. Rosen: Same objection.
RULING REQUESTED
(7) Page 96-97
Q. Okay. When you saw him at the airport in the Jet Blue terminal, did you think that he was on his way to catch a flight?
Mr. Rosen: Counsel, I'm going to object again. You asked her a ton of questions; what was said, what was done, when she met him in the airport. It's been asked and answered.
Mr. Kreppel: Okay.
Q. So did you think — when you saw him in the airport, did you think he was just hanging out or did you think he was on his way to catch a flight?
Mr. Rosen: Objection. Come on, counsel. Really? Get with it.
Q. Did you think he was on his way to catch a flight?
Mr. Rosen: Objection.
Mr. Kreppel: And you're directing the witness not to answer?
Mr. Rosen: Absolutely.
RULING REQUESTED
(8) Page 115-116
Q. Okay. And after being separated for a number of years, what made you decide to get divorced in April of this year?
Mr. Rosen: Objection. The pleading speaks for itself. Irretrievable breakdown of the marriage.
Mr. Kreppel: Please, Mr. Rosen, let her answer the question.
Mr. Rosen: Okay. I'm directing her not to answer that question. Okay? The client has said, on the preliminary conference order, he is not opposing the divorce.
Mr. Kreppel: Okay. It's not relevant to the question I asked.
Mr. Rosen: Your question is irrelevant.
Mr. Kreppel: And irrelevancy is not a grounds for directing a witness not to answer.
Mr. Rosen: Okay. We'll see.
Mr. Kreppel: There's case law on that.
Q. Before you hired a lawyer, Ms. R., did you contact V. to tell him that you would like to get a divorce?
A. Yes. I told him I would get a divorce.
Q. All right. And about when did you have that discussion with him?
A. We had an incident in March. So right after the incident, I told him I would get a divorce.
Q. Okay. And so what kind of incident did you have?
Mr. Rosen: Mr. Kreppel, we may have to adjourn and go over to the courthouse. Okay? I just read the rule dealing with palpable irrelevancy. Now this — I'm going to make a record and you do what you want to do. Okay?
(9) Page 145-146
Q. So for 2022, he gave you 4,000 a month?
A. Yes.
Q. Okay. So that would be 48,000 in 2022?
A. If that's what the math is, yes.
A. Well —
Mr. Rosen: So stipulated. Go on.
Q. Now, that 48,000 that he gave you in 2022, did you report that on your 2022 income tax return?
Mr. Rosen: Counsel, I'm going to object because that is not income that goes on a tax return. It's not alimony. And even if it was alimony, it's still not tax deductible. So, [*4]please.
Mr. Kreppel: Counsel, you're wrong.
Mr. Rosen: Did your client issue a W-2 or 1099 form?
Mr. Kreppel: You're wrong. Not for voluntary payments. I will show you.
Mr. Rosen: Okay. Go on with your questions. The answer is she did not report it. Go ahead.
(10) Page 148
Q. Okay. And after the divorce is concluded, do you still expect V. to continue to pay you $2,628 a month?
Mr. Rosen: Objection. That's up to the Court to decide how much, if any, to pay.
Mr. Kreppel: Of course it's up to the Court.
Mr. Rosen: Okay.
Q. Ms. R., what are you expecting?
Mr. Rosen: Objecting. I'm objecting and directing her not to answer.
(11) Page 182-183
Mr. Kreppel: So you have just stated for the record that you would be asking for half that increase, based on nonmonetary contributions; correct? Is that your —
Mr. Rosen: That's correct.
Q. Okay. All right. Well, Ms. R., half is 50 percent; right?
A. Yes.
Q. Why not 60 percent?
Mr. Rosen: Counsel, come on. Stop playing games.
Q. Well, why half?
Mr. Rosen: Because it's equitable distribution.
Mr. Kreppel: Let her answer that, counsel?
Q. Why half, Ms. R.?
A. Because it's equitable distribution.
Mr. Kreppel: Okay. So you're just repeating — let the record reflect that the deponent has just repeated what her lawyer stated.
Q. Okay. So again, referring to Exhibit 8. Half of 462,000 — excuse me. Half of 465,000 would be 232,500; correct?
A. Yes.
Q. And that's what you're asking for?
A. Yes.
Q. Okay. Now, let's go on to 2146 —
Mr. Rosen: Sir, I know you're going to ask the same questions. Same answer.
(12) Page 201
Q. If one partner got more that they were entitled to, that wouldn't be fair, would it?
Mr. Rosen: Objection.
Mr. Kreppel: And you're directing her not to answer?
Mr. Rosen: Yes.
(13) Page 216-217
Q. And do you think shoveling snow and cleaning the house increased the value of [redacted] Avenue — [redacted] Avenue?
Mr. Rosen: I'm going to object, counsel, because it's been asked and answered. She has repeatedly stated that her nonmonetary contributions, not only at the premises, but back home, enabled him to go out, work on the properties, repair them, and remodel them.
Q. I am asking —
Mr. Rosen: That was her answer before.
Mr. Kreppel: I'm asking her what each thing she did in these properties — how much she did in these properties — how much did each thing that she did, nonmonetary, services rendered, how much did each think increase the value of either —
Mr. Rosen: And she said before she doesn't know.
Mr. Kreppel: Okay. Other than she thinks it increased the value by, in [redacted] Avenue, half of $465,000.
Mr. Rosen: Her position — it is a long term marriage. The appreciation of it, she should be entitled to 50 percent —
Mr. Kreppel: So if she —
Mr. Rosen:  as a matter of law.
(14) Page 218-219
Q. Ms. R., if you hadn't done anything, by virtue of inflation and the increase in value of real estate, do you think that these properties would have increased, even if you hadn't done anything?
Mr. Rosen: She said she didn't know. You asked her that question.
Mr. Kreppel: Okay.
Q. And you're not able to put a specific dollar amount or number on the various services you rendered?
Mr. Rosen: Asked and answered.
Q. Okay. Ms. R., was there anything else, other than your services, that enabled the value of the properties to increase in the time of your marriage to the time of your divorce?
Mr. Rosen: Asked and answered. She said she didn't know.
Mr. Kreppel: I want to hear the answer from her.
Mr. Rosen: You have already.
Mr. Kreppel: I want to hear it now.
Mr. Rosen: She is not going to answer it again.
Mr. Kreppel: She hasn't answered it.
Mr. Rosen: She told you she doesn't know the answer to the question.
Defendant's counsel asserts that the conduct of Plaintiff's counsel was improper in that he directed Plaintiff not to answer questions presented to her and interposed answers for her more than 15 times during her deposition. To Defendant, this not only prevented Plaintiff from answering the question, but further prevented additional lines of questions that may have followed her responses.
Plaintiff's counsel opposes the relief sought, asserting that it was appropriate for him to [*5]engage in speaking objections, including objections that questions had been asked and answered previously during the deposition. Plaintiff's counsel further stated that his objections pertaining to his client's request for divorce were "palpably irrelevant" as the issue of grounds had been resolved at the preliminary conference. Plaintiff's counsel also asserts that his objections pertaining to the Family Court proceedings and Order of Protection were also "palpably irrelevant." Plaintiff's counsel notes that, "under no circumstances did I attempt to obstruct the orderly progression of the deposition," and, "My conduct was not "malicious" not an attempt to interfere with the philosophy of CPLR 3113 and 3115."
Applicable Law
Section 3113 and Section 3115 of the New York State Civil Practice Law and Rules address objections at depositions. CPLR § 3113 provides as follows:
(a) Persons before whom depositions may be taken. Depositions may be taken before any of the following persons except an attorney, or employee of an attorney, for a party or prospective party and except a person who would be disqualified to act as a juror because of interest in the event or consanguinity or affinity to a party:
1. within the state, a person authorized by the laws of the state to administer oaths;
2. without the state but within the United States or within a territory or possession subject to the jurisdiction of the United States, a person authorized to take acknowledgments of deeds outside of the state by the real property law of the state or to administer oaths by the laws of the United States or of the place where the deposition is taken; and
3. in a foreign country, any diplomatic or consular agent or representative of the United States, appointed or accredited to, and residing within, the country, or a person appointed by commission or under letters rogatory, or an officer of the armed forces authorized to take the acknowledgment of deeds.
Officers may be designated in notices or commissions either by name or descriptive title and letters rogatory may be addressed "To the Appropriate Authority in (here name the state or country)."
(b) Oath of witness; recording of testimony; objections; continuous examination; written questions read by examining officer. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction, record the testimony. The testimony shall be recorded by stenographic or other means, subject to such rules as may be adopted by the appellate division in the department where the action is pending. All objections made at the time of the examination to the qualifications of the officer taking the deposition or the person recording it, or to the manner of taking it, or to the testimony presented, or to the conduct of any person, and any other objection to the proceedings, shall be noted by the officer upon the deposition and the deposition shall proceed subject to the right of a person to apply for a protective order. The deposition shall be taken continuously and without unreasonable adjournment, unless the court otherwise orders or the witness and parties present otherwise agree. In lieu of participating in an oral examination, any party served with notice of taking a deposition may transmit written questions to the officer, who shall propound them to the witness and record the answers.
(c) Examination and cross-examination. Examination and cross-examination of deponents shall proceed as permitted in the trial of actions in open court, except that a [*6]nonparty deponent's counsel may participate in the deposition and make objections on behalf of his or her client in the same manner as counsel for a party. When the deposition of a party is taken at the instance of an adverse party, the deponent may be cross-examined by his or her own attorney. Cross-examination need not be limited to the subject matter of the examination in chief.
(d) The parties may stipulate that a deposition be taken by telephone or other remote electronic means and that a party may participate electronically. The stipulation shall designate reasonable provisions to ensure that an accurate record of the deposition is generated, shall specify, if appropriate, reasonable provisions for the use of exhibits at the deposition; shall specify who must and who may physically be present at the deposition; and shall provide for any other provisions appropriate under the circumstances. Unless otherwise stipulated to by the parties, the officer administering the oath shall be physically present at the place of the deposition and the additional costs of conducting the deposition by telephonic or other remote electronic means, such as telephone charges, shall be borne by the party requesting that the deposition be conducted by such means."
In addition, CPLR § 3115 provides as follows:
(a) Objection when deposition offered in evidence. Subject to the other provisions of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying.
(b) Errors which might be obviated if made known promptly. Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of persons, and errors of any kind which might be obviated or removed if objection were promptly presented, are waived unless reasonable objection thereto is made at the taking of the deposition.
(c) Disqualification of person taking deposition. Objection to the taking of a deposition because of disqualification of the person by whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
(d) Competency of witnesses or admissibility of testimony. Objections to the competency of a witness or to the admissibility of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if objection had been made at that time.
(e) Form of written questions. Objections to the form of written questions are waived unless served in writing upon the party propounding the questions within the time allowed for serving succeeding questions or within three days after service.
Section 221.1 of the New York State Uniform Rules of the Trial Courts pertains to objections at depositions and provides:
(a) Objections in general. No objections shall be made at a deposition except those [*7]which, pursuant to subdivision (b), (c) or (d) of Rule 3115 of the Civil Practice Law and Rules, would be waived if not interposed, and except in compliance with subdivision (e) of such rule. All objections made at a deposition shall be noted by the officer before whom the deposition is taken, and the answer shall be given and the deposition shall proceed subject to the objections and to the right of a person to apply for appropriate relief pursuant to article 31 of the CPLR.
(b) Speaking objections restricted. Every objection raised during a deposition shall be stated succinctly and framed so as not to suggest an answer to the deponent and, at the request of the questioning attorney, shall include a clear statement as to any defect in form or other basis of error or irregularity. Except to the extent permitted by CPLR Rule 3115 or by this rule, during the course of the examination persons in attendance shall not make statements or comments that interfere with the questioning.
Section 221.2 of the New York State Uniform Rules of the Trial Courts pertains to the refusal to answer when objection is made at depositions and provides:
A deponent shall answer all questions at a deposition, except:
(a) to preserve a privilege or right of confidentiality;
(b) to enforce a limitation set forth in an order of a court; or
(c) when the question is plainly improper and would, if answered, cause significant prejudice to any person. An attorney shall not direct a deponent not to answer except as provided in CPLR Rule 3115 or this subdivision. Any refusal to answer or direction not to answer shall be accompanied by a succinct and clear statement of the basis therefor. If the deponent does not answer a question, the examining party shall have the right to complete the remainder of the deposition.
Section 221.3 of the New York State Uniform Rules of the Trial Courts addresses communication with the deponent at depositions:
An attorney shall not interrupt the deposition for the purpose of communicating with the deponent unless all parties consent or the communication is made for the purpose of determining whether the question should not be answered on the grounds set forth in section 221.2 of these rules and, in such event, the reason for the communication shall be stated for the record succinctly and clearly.
"It is true that the scope of an examination on deposition is broader than what may be admissible at trial" (White v Martins, 100 AD2d 805 [1st Dept 1984]; see Johnson v New York City Health & Hospitals Corp., 49 AD2d 234, 237 [2d Dept 1975]).
When presented with motion practice addressing alleged misconduct at depositions, the courts have provided guidance as to the appropriate manner counsel are expected to act.
The proper procedure during the course of an examination before trial is to permit the witness to answer all questions posed, subject to objections pursuant to subdivisions b, c and d of CPLR 3115, unless a question is clearly violative of the witness's constitutional rights or of some privilege recognized in law, or is palpably irrelevant (see Dibble v. [*8]Consolidated Rail Corp., 181 AD2d 1040, 582 N.Y.S.2d 582 [4th Dept.1992]; Humiston v. Grose, 144 AD2d 907, 534 N.Y.S.2d 604 [4th Dept.1988]; White v. Martins, 100 AD2d 805, 474 N.Y.S.2d 733 [1st Dept.1984]; Watson v. State of New York, 53 AD2d 798, 385 N.Y.S.2d 170 [3d Dept.1976]; Freedco Prods. v. New York Tel. Co., 47 AD2d 654, 366 N.Y.S.2d 401 [2d Dept.1975]; Baer, Jr. & Meade, Depositions, Conduct of Deposition, at 82—85; see also Orner v. Mount Sinai Hosp., 305 AD2d 307, 761 N.Y.S.2d 603 [1st Dept.2003]; Tardibuono v. County of Nassau, 181 AD2d 879, 581 N.Y.S.2d 443 [2d Dept.1992]; Byork v. Carmer, 109 AD2d 1087, 487 N.Y.S.2d 226 [4th Dept.1985]; Hertz Corp. v. Avis, Inc., 106 AD2d 246, 485 N.Y.S.2d 51 [1st Dept.1985]; Edelstein v. Glynn, 85 AD2d 593, 444 N.Y.S.2d 708 [2d Dept.1981]; Dailey v. Tofel, Beelson, Saxl & Partners, P.C., 2002 NY Slip Op. 40243[U], 2002 WL 1362195 [App. Term, 2d & 11th Jud. Dists.2002]). The reason for this maxim is simple: only objections to form and the technical aspects of the deposition are waived if not timely raised at the deposition (see CPLR 3115[a], [b], [c], [d]; Connors, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C3115:1, C3115:2, C3115:3, C3115:4; see also Siegel, NY Practice § 356, at 583 [4th ed. 2005]; Payne & Zalayet, Modern New York Discovery, Book 1, § 8.55, at 136—138 [2d ed. 2004] ). Thus, the CPLR has attempted to create an environment conducive to open, expansive disclosure during the taking of a deposition.
(Mora v St. Vincent's Catholic Medical Center of New York, 8 Misc 3d 868, 869-870 [Sup Ct, NY County 2005]).
When relying upon 22 NYCRR § 221.2(c) to direct a deponent not to answer, it is insufficient to merely assert that the question is "plainly improper." Counsel must further establish that significant prejudice will result if an answer is required (see Freidman v Fayenson, 41 Misc 3d 1236[A], *7 [Sup Ct, NY County 2013] ["Merely characterizing the question as improper when the instruction is made, without more, is insufficient to satisfy Uniform Rule 221.2(iii), which requires that the question be plainly improper and that answering the question would cause significant prejudice to any person. See 22 NYCRR 221.2(iii)."]).
Clearly, not all circumstances where a directive of a deponent not to answer pursuant to 22 NYCRR § 221.2(c) have been addressed by the courts, but certain areas of questioning have been determined to fall within the scope of permitting a deponent to refrain from answering.
Because the trial courts have broad discretion in supervising disclosure and such discretion is only disturbed upon a showing of an abuse of that discretion (Hann v. Black, 96 AD3d 1503, 1504, 946 N.Y.S.2d 722 [4th Dept. 2012]), there are no precise parameters for what constitutes "plainly improper" or "palpably improper" questioning causing "significant prejudice." The courts have established certain boundaries such as:
1) questions seeking "a conclusion of fact or law or an argumentative matter" are not permitted at an examination before trial (Lakeville Merrick Corp. v. Town Bd. of Islip, 23 AD2d 584, 585, 256 N.Y.S.2d 781 [2d Dept. 1965]; Milbeck Apts., Inc. v. Corby Assocs., Inc., 285 A.D. 83, 85, 135 N.Y.S.2d 792 [1st Dept. 1954]; Rausch v. Monfort, 251 A.D. 868, 297 N.Y.S. 34 [2d Dept. 1937]);
2) questions "largely related" to a party's understanding of his or her "ultimate legal contentions" are "palpably improper" (Barber v. BPS Venture, Inc., 31 AD3d 897, 819 N.Y.S.2d 329 [3d Dept. 2006]; Lobdell v. S. Buffalo Ry., 159 AD2d 958, 552 N.Y.S.2d 782 [4th Dept. 1990]); and
3) a party witness may not be compelled to answer questions seeking legal or factual conclusions or questions asking the witness to "draw inferences from the facts" (Mayer v. Hoang, 83 AD3d 1516, 1518, 921 N.Y.S.2d 426 [4th Dept. 2011]; Lobdell, 159 AD2d at 958, 552 N.Y.S.2d 782)."
(Hildebrandt v Stephan, 42 Misc 3d 719, 723 [Sup Ct, Erie County 2013]).
Courts have held that speaking objections not squarely within the parameters of the Court Rules, including the aforementioned CPLR sections, are impermissible:
Based on a review of the deposition transcripts, the Court finds that Attorney Cohen committed multiple violations of Uniform Rules 221.1 and 221.3. For example, at one point during Evgeny Freidman's deposition, Attorney Cohen objected to a question, stating, "Objection. If you understand the question you can answer." (Respondents' Ex. N at 15:19—20.) Similarly, during Naum Freidman's deposition, Attorney Wertheim asked, "Do you recall whose account the checks were drawn on?" (Respondents' Ex. D at 53:9—10.) After a clarifying question and answer, Naum Freidman began to say, "From which account, so ...," at which point Attorney Cohen stated without objecting, "If you recall," and Naum Freidman then answered, "No, I don't recall." (Respondents' Ex. D at 53:11—15.) Courts have characterized statements and objections of this type as "suggestive" or "coaching," and have found them to be improper. See, e.g., City of New York v. Coastal Oil NY, Inc., 2000 WL 97247, at *2 (S.D.NY Jan. 27, 2000) (finding that "objections which had the appearance of coaching the witness by continually reminding the witness by stating if you know' or if you remember,' " were improper); see also Pinson v. Northern Tool & Equip. Co., 2012 WL 5286933, at *1 (S.D.Miss. Oct. 24, 2012) (quoting In re Neurontin Antitrust Litig., 2011 WL 253434, at *12 (D.N.J. Jan. 24, 2011) ("[O]bjections should be concise, non-argumentative, and non-suggestive, and hence ... counsel should not (1) make speaking, coaching or suggestive objections; (2) coach or change the witness's own words to form a legally convenient record; (3) frustrate or impede the fair examination of a deponent during the deposition by, for example, making constant objections and unnecessary remarks; (4) make speaking objections such as if you remember,' if you know,' don't guess,' you've answered the question,' and do you understand the question'; or (5) state that counsel does not understand the question.' ")). While these cases are not binding upon this Court, they are instructive in that they indicate a consensus among courts across the country that statements, such as those made by Attorney Cohen and at issue here, are inappropriate when made during a deposition.
Each of the statements above violates Uniform Rule 221.1(b) because each is suggestive of the answer that the deponent does not understand the question or does not recall the answer. Moreover, neither statement provides a basis for an objection, and neither statement is permissible under Uniform Rule 221.3.
(Freidman v Fayenson, 41 Misc 3d 1236[A], *11-12 [Sup Ct, NY County 2013]).
The Second Department Appellate Division has held that counsel will be found to have acted improperly if directing a party at deposition not to answer if the questions at issue were [*9]designed to elicit information which was material and necessary, and the directions not to answer were not otherwise authorized under 22 NYCRR § 221.2:
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The phrase "material and necessary" is "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v. Crowell—Collier Publ. Co., 21 NY2d 403, 406, 288 N.Y.S.2d 449, 235 N.E.2d 430 [internal quotation marks omitted]; see Tower Ins. Co. of NY v. Murello, 68 AD3d 977, 889 N.Y.S.2d 852). The Court of Appeals' interpretation of "material and necessary" in Allen has been understood "to mean nothing more or less than 'relevant'" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:5, quoting Allen v. Crowell—Collier Publ. Co., 21 NY2d at 407, 288 N.Y.S.2d 449, 235 N.E.2d 430). However, "unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' to 'prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts'" (County of Suffolk v. Long Is. Power Auth., 100 AD3d 944, 946, 954 N.Y.S.2d 619, quoting CPLR 3103[a]; see Accent Collections, Inc. v. Cappelli Enters., Inc., 84 AD3d 1283, 924 N.Y.S.2d 545).
The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion which was to compel a further deposition of the nonparty James Tachibana, and in granting that branch of the cross motion which was for a protective order precluding said further deposition. Counsel for Tachibana acted improperly at Tachibana's deposition by directing Tachibana on numerous occasions not to answer certain questions. The questions at issue were designed to elicit information which was material and necessary to the appellant's defense of this action (see CPLR 3101[a]; Allen v. Crowell—Collier Publ. Co., 21 NY2d at 406—407, 288 N.Y.S.2d 449, 235 N.E.2d 430), and the directions not to answer them were not otherwise authorized by 22 NYCRR 221.2.
(Yoshida v Hsueh-Chih Chin, 111 AD3d 704, 705-706 [2d Dept 2013]). 
Courts have further held that, ". . . under Uniform Rule 221.2, a deponent cannot refuse to answer a question on the grounds that the question was already asked and answered (see Rodriguez v Goodman, 2015 WL 4554460, *2 [Sup Ct, NY County 2015]).
In the event a trial court determines that a deponent and/or deponent's counsel have violated the Rules and applicable law pertaining to the conduct of depositions, the court may appropriately impose sanctions (see Zbigniewicz v Sebzda, 58 Misc 3d 1217[A] [Sup Ct, Erie County 2018]; see also Simmons v Minerley, 16 Misc 3d 1128[A] [Sup Ct, Dutchess County 2007]).
According to 22 NYCRR § 130-1.1, which pertains to costs and sanctions:
(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of [*10]awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Part. This Part shall not apply to town or village courts, to proceedings in a small claims part of any court, or to proceedings in the Family Court commenced under Article 3, 7 or 8 of the Family Court Act.
(b) The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both. Where the award or sanction is against an attorney, it may be against the attorney personally or upon a partnership, firm, corporation, government agency, prosecutor's office, legal aid society or public defender's office with which the attorney is associated and that has appeared as attorney of record. The award or sanctions may be imposed upon any attorney appearing in the action or upon a partnership, firm or corporation with which the attorney is associated.
(c) For purposes of this Part, conduct is frivolous if:
(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false.
Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the (1) circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct; and (2) whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.
(d) An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.
As noted above, the Court set forth 14 highlighted portions of Plaintiff's deposition transcript and will address each herein individually:
(1) Plaintiff's counsel provided a speaking objection as to form, followed by statements which appear to coach the deponent and provide instruction to counsel performing the deposition. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(2) In this line of questioning, Plaintiff's counsel directed deponent not to respond, asserting no basis for her not to answer. Plaintiff's counsel provided a speaking objection, followed by statements which appear to coach the deponent, provide a response for the deponent to the pending question, provide instruction to counsel performing the deposition, and instruct deponent not to answer. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(3) Plaintiff's counsel provided a speaking objection of "asked and answered" with an [*11]instruction of deponent not to answer. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(4) Plaintiff's counsel provided a speaking objection of "asked and answered" with an instruction of deponent not to answer. Further, while Plaintiff's counsel claims that the question is "irrelevant," which may fall under Section 221.2(c) as "plainly improper and would, if answered, cause significant prejudice to any person," the Court finds that no response to this question could reasonably be determined to cause significant prejudice to Plaintiff. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(5) Plaintiff's counsel asserts this line of questioning directing deponent not to answer the questions, stating the following basis, "It's not only constitutional, and it's not only privileged, but if it's palpably irrelevant." However, Plaintiff's counsel fails to provide a basis in opposition to this motion as to the way the questioning addressed constitutionally protected areas, or what basis of privilege is being asserted. Further, while Plaintiff's counsel claims that the question is "irrelevant," which may fall under Section 221.2(c) as "plainly improper and would, if answered, cause significant prejudice to any person," the Court finds that no response to this question could reasonably be determined to cause significant prejudice to Plaintiff. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(6) Plaintiff's counsel provided a speaking objection, followed by statements that appear to coach the deponent, provide a response for the deponent to the pending question, provide instruction to counsel performing the deposition, and instructed deponent not to answer. Further, while Plaintiff's counsel claims that the question is "irrelevant," which may fall under Section 221.2(c) as "plainly improper and would, if answered, cause significant prejudice to any person," the Court finds that no response to this question could reasonably be determined to cause significant prejudice to Plaintiff. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(7) Plaintiff's counsel provided a speaking objection of "asked and answered" with an instruction of deponent not to answer. Further, Plaintiff's counsel made inappropriate statements to Defendant's counsel further frustrating the orderly progression of the deposition, being, "Objection. Come on, counsel. Really. Get with it." The Court finds that Plaintiff's counsel acted in violation in the Court rules and applicable law.
(8) Plaintiff's counsel provided a speaking objection followed by statements that appear to coach the deponent, provide a response for the deponent to the pending question, provide instruction to counsel performing the deposition and instructed deponent not to answer. Further, while Plaintiff's counsel claims that the question is "irrelevant," which may fall under section 221.2(c) as "plainly improper and would, if answered, cause significant prejudice to any person," the Court finds that no response to this question could reasonably be determined to cause significant prejudice to Plaintiff. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(9) In this line of questioning, Plaintiff's counsel interrupted Defendant's counsel's questioning of the deponent four times, frustrating the orderly progression of the deposition; three of which wherein he responded for deponent; one of which he injected his own question of Defendant's counsel. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(10) In this line of questioning, Plaintiff's counsel interrupted questioning with statements that appear to coach the deponent and provide a response for the deponent to the pending question. Plaintiff's counsel also directed deponent not to respond, asserting no basis for her not to answer. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law. However, despite Plaintiff's counsel's misconduct, the Court further finds that the question, "Okay. And after the divorce is concluded, do you still expect V. to continue to pay you $2,628.00 per month," to be plainly improper and that answering the question would cause significant prejudice to Plaintiff if answered. It is a question seeking a conclusion of fact or law and is largely related to Plaintiff's understanding of her ultimate legal contentions.
(11) In this line of questioning, Plaintiff's counsel interrupted questioning with statements that appear to coach the deponent and provide a response for the deponent to the pending question. Further, Plaintiff's counsel made inappropriate statements to Defendant's counsel further frustrating the orderly progression of the deposition, being, "Counsel, come on. Stop playing games." The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law. However, despite Plaintiff's counsel's misconduct, the Court further finds that the question, "So you have stated for the record that you are asking for half that increase, based on nonmonetary contributions; correct" to be plainly improper and that answering the question would cause significant prejudice to Plaintiff if answered. It is a question seeking a conclusion of fact or law and is largely related to Plaintiff's understanding of her ultimate legal contentions.
(12) In this line of questioning, Plaintiff's counsel directed deponent not to respond, asserting no basis for her not to answer. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law. However, despite Plaintiff's counsel's misconduct, the Court further finds that the question, "If one partner got more that they were entitled to, that wouldn't be fair, would it?" to be plainly improper and that answering the question would cause significant prejudice to Plaintiff. It is a question seeking a conclusion of fact or law and is largely related to Plaintiff's understanding of her ultimate legal contentions.
(13) Plaintiff's counsel provided a speaking objection of "asked and answered," followed by statements that appear to coach the deponent and provide a response for the Deponent to the pending question. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
(14) Plaintiff's counsel provided a speaking objection of "asked and answered," followed by statements that appear to coach the deponent and provide a response for the Deponent to the pending question. The Court finds that Plaintiff's counsel acted in violation of the court rules and applicable law.
The Court notes that in making an ultimate determination on the instant motion, the Court considers what appears to be a pattern and practice of behavior by Plaintiff's counsel throughout this pending matrimonial action. Despite the Court having admonished Plaintiff's counsel in the June 12, 2023 Order, after Plaintiff's counsel had verbally attacked Defendant's counsel in a submission to the Court, Plaintiff's counsel continued this inappropriate behavior during Plaintiff's deposition. Plaintiff's counsel's statements of "Objection. Come on, counsel. Really. Get with it," and "Counsel, come on. Stop playing games," are wholly inappropriate and clearly frustrated the progress of Plaintiff's deposition. Compounded with the Court's review of [*12]other conduct at Plaintiff's deposition by Plaintiff's counsel which violated applicable court rules and law, the Court is compelled to take appropriate action.
Accordingly, based upon the Court's review of the foregoing, it is hereby
ORDERED, that Defendant's motion is granted as set forth below; and it is further
ORDERED that Plaintiff shall make herself available for a follow-up deposition, at which she shall answer all of the questions she was previously directed not to answer, with the limitations set forth herein, as well as all follow-up questions that are reasonably related thereto and calculated to lead to discoverable evidence; and it is further
ORDERED that the parties' respective counsel shall confer and agree upon a date for the follow-up deposition which shall be held no later than February 15, 2024; and it is further
ORDERED that the Court imposes a sanction against Martin J. Rosen, Esq., pursuant to 22 NYCRR § 130—1.1, et. seq., in an amount to be determined, following submission by Defendant's counsel regarding the time he incurred in preparing for and arguing the instant motion and the time he reasonably incurs in preparing to conduct the follow up deposition. Counsel shall include his hourly billing rate in his submission, and shall upload this submission with a proposed Order, noticed for settlement, to NYSCEF by February 22, 2024; and it is further
ORDERED, that Defendant's counsel shall file a Notice of Entry of this Decision with proof of service by January 31, 2024; and it is further
ORDERED that the parties and counsel shall appear, in person, on Wednesday, March 6, 2024 at 2:00 p.m. for a compliance conference.
The foregoing constitutes the Decision and Order of the Court.
Dated: White Plains, New York
January 16, 2024
ENTER:
______________________________
Hon. James L. Hyer, J.S.C.